Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 13 |
| MATTHEW AARON KORDIK, | Case No. 2-23-bk-02533-PS |
| and | **TRUSTEE'S RECOMMENDATION ON 1ST AMENDED CHAPTER 13 PLAN** |
| KATHLEEN LOUISE KORDIK, | Deadline is January 11, 2024 |
| Debtors. | |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. The Trustee notes the following issues, which must be resolved before recommending confirmation of the Plan:

1) Secured creditor, Litchfield Manor HOA filed an objection to the original plan. Though the amended plan revises treatment of the secured claim, the creditor's original objection is deemed to apply pursuant to 11 U.S.C. § 1323(c) since the objection has not been withdrawn. The secured creditor must sign the order confirming first amended plan or file a withdrawal of the objection to confirmation.

2) Section (H), "Nonstandard Provisions" of the Chapter 13 Plan states that the Debtors intend to participate in the Mortgage Modification Mediation Program. However, as of the date of this Recommendation the Motion has not been filed. The Trustee recommends that Counsel review the MMM Program procedures and file the Motion for Referral no later than January 5, 2024.

3) The SOC must state the following conduit language:

(a) Creditor Lakeview Loan Servicing, secured by a first deed of trust in Debtors residence shall be paid pre-petition arrears of $24,183.85, with 0% interest.

(b) Conduit mortgage payments shall be paid by the Trustee beginning in Month 1 of the Plan for the mortgage payment due to the Creditor for May 2023. The conduit payment shall be paid by the Trustee for the duration of the Plan unless otherwise ordered. For any month when the balance on hand in Debtor's account is insufficient to allow disbursement of the conduit payment and any adequate protection payments on personal property that have become due, the amount due for that month will be paid to the creditor on the next disbursement date when the Debtor's account balance has sufficient funds to pay a full conduit payment.

(c) If and when a Notice of Payment Change is received, the Trustee will adjust the Plan payment to reflect the decrease or the increase in the mortgage payment. The Trustee is authorized to disburse the new mortgage conduit payment without seeking an Order of the Court or a modification of the Plan.

(d) Plan funding has been increased in the amount of $713.90 [1] to account for the post-petition fees and expenses filed in the amount of $649.00 on October 31, 2023. In addition to the mortgage arrears stated above, the Trustee will disburse $649.00 to Lakeview Loan Servicing for post-petition fees and expenses (See Notice filed on October 31, 2023). If Lakeview Loan Servicing files any additional notices for post-petition fees and expenses, within 21 days of the notice, the

---

[1] The Plan payment schedule must show a corresponding increase in future plan payments in the amount of $713.90.

Debtor will remit an amended SOC to the Trustee. The amended SOC must provide for payment of the additional expenses, plus trustee fee, and increase plan yield accordingly.

4) Other requirements:

(A) When a debtor is represented by counsel, all debtor documents are to be submitted to the Trustee through the bkdocs.us website after redaction of PII. Local Rule 2084-27. Such documents include tax returns, bank statements, paystubs, and so on.

(B) The attorney is to review all proofs of claim on the claims register and resolve any discrepancies between relevant claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Attachments to secured claims should be reviewed to see if there is a balloon payment. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(C) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(D) Before submitting a proposed order, the attorney for the Debtor(s) should verify plan funding using the funding http://www.chapter13.info/funding-calc-main.aspx.

(E) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(F) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(G) To expedite the order review process, counsel must use the recommended form for the order confirming plan. If counsel needs the Trustee's latest form, then contact the applicable case administrator..

- 3 -

(H) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(I) The order confirming plan is to state: Within 14 days of filing them, the Debtors shall provide a copy of their 2023-2027 federal and state income tax returns, including all attachments, forms, schedules and statements, to their attorney. After appropriate redaction of PII, Debtors' attorney is to promptly provide the returns to the Trustee through the website www.bkdocs.us.

(J) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(K) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(L) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

PLAN PAYMENT STATUS: The Debtor's interim payments of $2,081.00 each are current through due date November 20, 2023. Subsequent payments are due each following month. The Trustee reminds the Debtor that he or she may access case information from the Trustee's office,

- 4 -

such as plan payments received, by going to www.ndc.org. Then, click the box that says Get Started. It's Free! And follow the instructions.

SUMMARY: Pursuant to Local Rule 2084-10(b), by January 11, 2024, Debtors are to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Debtor must file an objection to the Recommendation and obtain a hearing date. If neither is accomplished, then the Trustee could file a notice of intent to lodge a dismissal order.

Copy mailed or emailed to:

MATTHEW AARON KORDIK
KATHLEEN LOUISE KORDIK
13739 WEST MAUI LANE
SURPRISE, AZ 85379

AARON JUSTIN BERKLEY
AB LAW GROUP
1500 E. BETHANY HOME RD., STE 110
PHOENIX, AZ 85014
MJBERKLEY@YAHOO.COM
TAMMY@MJBERKLEYLAW.COM

_____
Dawn M. Smith - Case Analyst
dsmith@ch13bk.com